The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach different facts than those reached by the Deputy Commissioner and affirm in part and reverse in part the conclusions of law and the award of the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On the date of the alleged injury, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. On the date of the alleged injury, there was an employer-employee relationship between the parties.
3. On the date of the alleged injury, Travelers Insurance Company was the carrier on the risk.
4. On the date of the alleged injury, plaintiff's average weekly wage was $240.00.
5. On November 11, 1994, plaintiff sustained a specific traumatic incident.
6. A medical record from Primary Care Plus was marked as stipulated exhibit 1 and was received into evidence.
7. Medical records from Doctor's Urgent Care was marked as stipulated exhibit 2 and was received into evidence.
8. A second set of medical records from Primary Care Plus was marked as stipulated exhibit 3 and received into evidence.
9. Medical records from Dr. Carol Wadon marked as stipulated exhibit 4 were received into evidence.
10. Medical records from Dr. Burley marked as stipulated exhibit 5 were received into evidence.
11. A third set of medical records from Primary Plus marked as stipulated exhibit 6 was received into evidence.
12. A second set of medical records from Dr. Burley marked as stipulated exhibit 7 was received into evidence.
13. A fourth set of Primary Plus records marked as stipulated exhibit 8 was received into evidence.
14. A set of medical records from Cumberland County Hospital System marked as stipulated exhibit 9 was received into evidence.
15. A fifth set of Primary Plus Records marked as stipulated exhibit 10 was received into evidence.
16. A letter from Dr. Burley marked as stipulated exhibit 11 was received into evidence.
17. Medical records from the Sanford Family Medical Center were marked as stipulated exhibit 12 and received into evidence.
18. Medical records from Dr. Mulcahy were marked as stipulated exhibit 13 and received into evidence.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. On November 11, 1994, plaintiff was performing her job duties as a laborer for the defendant-employer when she sustained a low back injury while helping lift a fifteen hundred pound steel mat. Plaintiff felt a pull as well as immediate pain in her lower left back.
2. Plaintiff sustained the injury to her back during the normal course and scope of her employment with the defendant-employer.
3. Prior to plaintiff's injury on November 11, 1994, plaintiff had given notice that she was quitting her job with the defendant-employer on November 11, 1994. Plaintiff had decided to terminate her employment with the defendant-employer in order to stay home with her children.
4. Plaintiff initially received medical treatment with Primary Care Plus for her lower back injury on November 11, 1994. On November 14, 1994, plaintiff was directed by her supervisor who was her brother, to go to the physicians at Doctor's Urgent Care. Plaintiff's brother indicated that plaintiff's medical treatment would be paid for by the defendants. Plaintiff underwent conservative treatment at Doctor's Urgent Care beginning November 11, 1994 and was placed on light duty.
5. On November 21, 1994, Dr. Mulcahy found that plaintiff showed much improvement and no longer had any lumbar spasms. The resulting injuries from plaintiff's November 11, 1994 specific traumatic incident had resolved, and plaintiff was released to return to work on November 25, 1994.
6. After November 25, 1994, plaintiff continued to experience pain in her lower left back, but did not seek medical treatment for her complaints of low back pain until March 21, 1995. On March 21, 1995, plaintiff complained of neck tenderness over her lower C-spine area and tenderness over T8-L3 area. These complaints are unrelated to her specific traumatic incident of the work assigned on November 11, 1994.
7. On June 25, 1995, plaintiff presented to Dr. Mulcahy with complaints of back, neck, abdominal and chest pain after being thrown onto concrete two days prior while at a concert.
8. Plaintiff continued to complain of pain and discomfort, but it was not until 1996 that she began to complain of numbness in her legs and other symptoms on her left side. The complaints of left-sided problems did not occur after her specific traumatic incident with the employer, but rather after being thrown onto the concrete.
9. An April 11, 1997 MRI of the plaintiff's lower back revealed that plaintiff has a left posterior herniation of the L5-S1 disc which is consistent with the left side numbness and pain in her back and legs.
10. Plaintiff has not looked for work since she was released to return to work on November 25, 1994. During her testimony, plaintiff initially admitted that she had not looked for work. She changed her testimony when it became apparent to her at the hearing that Deputy Commissioner Berger was concerned about her efforts to find new employment. When plaintiff changed her testimony, she testified that she sought only four jobs during a two and a half year period between November 25, 1994 and the date of the hearing before Deputy Commissioner Berger.
11. Plaintiff's left posterior herniation of the L5-S1 disc is not a direct and natural result of her specific traumatic incident of the work assigned on November 11, 1994.
12. Plaintiff claimed that Dr. Mulcahy restricted her from doing any work, but he made it clear during his testimony that plaintiff has been able to do restricted work since November 1994. Since November 1994, plaintiff has been able to perform light duty work that did not involve repeated bending or lifting more than fifteen pounds and did not involve either twisting or repeated stair climbing.
13. Plaintiff is a thirty-six year old able bodied female. It would not have been futile for the plaintiff to have looked for work given her age and her physical restrictions.
14. The undersigned takes judicial notice that no Form 19 was filed by the defendants in this matter. The undersigned also takes judicial notice that no Form 21 Agreement for Payment of Compensation was submitted by the parties in this matter and that no Form 60 Payment without Prejudice admitting liability in this matter was submitted by the defendants.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On November 11, 1994, plaintiff sustained an injury by accident arising out and in the course of her employment with the defendant-employer, but plaintiff's herniated disc was not the result of the specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation in the amount of $160.00 per week for the time period beginning November 18, 1994 to November 25, 1994. N.C. Gen. Stat. § 97-29.
3. Plaintiff has failed to show by the greater weight of the evidence that as a result of the compensable injury she was unable to earn any wages from November 25, 1994 to the date of Dr. Mulcahy's deposition on August 14, 1997. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to have defendants pay for all medical expenses incurred by plaintiff as a result of her compensable injury, but not related to the herniated disk problem, to the extent that these expenses are reasonably designed to effect a cure, give relief or lessen the period of disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $160.00 per week for the time period beginning November 18, 1994 to November 25, 1994. This amount has accrued and shall be paid in a lump sum directly to the plaintiff.
2. Defendants shall pay all medical expenses incurred or to be incurred by the plaintiff arising out of the November 11, 1994 injury by accident.
3. Plaintiff's claim for additional temporary total disability compensation following the surgical removal of plaintiff's herniated disc is HEREBY DENIED.
4. Defendants shall pay the costs.
 ORDER
Plaintiff's motion to remand this matter for the taking of additional evidence is HEREBY DENIED.
 ***********
This the ___ day of September 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER